SHAIR-A-PLANE, d.b.a. GOPHER STATE FLYING CLUB, INC., v. LANDRETH HARRISON.
AMERICAN NATIONAL BANK AND TRUST COMPANY, INTERVENOR.
HENNEPIN COUNTY, THIRD-PARTY DEFENDANT.

189 N. W. (2d) 25.

July 23, 1971—No. 42659.

*Cochrane & Bresnahan* and *John A. Cochrane,* for appellant.

*George M. Scott,* County Attorney, and *Douglas J. McClellan,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rolloff, JJ. Reconsidered and decided en banc.

PER CURIAM.

Plaintiff, Shair-A-Plane, appeals from an order entered at the close of plaintiff's evidence granting third-party defendant Hennepin County's motion for directed verdict in its favor and from the judgment entered pursuant thereto.[1] The dispositive issue is essentially whether the evidence established any basis upon which plaintiff was entitled to relief by way of indemnity from defendant county or, in other words, whether on the basis of plaintiff's evidence and the law, the trial court's findings are clearly erroneous. We think the findings are not clearly erroneous and thus affirm.

This action arose out of an accidental crash of a helicopter owned by

---

[1] The terminology used in this case is somewhat misleading. The case was tried to the court without a jury, and thus it is technically inaccurate to refer to a "verdict" or to make a "motion for a directed verdict," Rule 50.01, Rules of Civil Procedure, since in the strict sense of the word, verdict is a decision or finding made by a jury. The more suitable procedure here would have been that embodied in Rule 41.02(2): "After the plaintiff has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." On appeal solely from a directed verdict, the scope of review requires us to determine whether the evidence reasonably sustains the verdict. Findings of the trial court made pursuant to Rule 41.02(2), however, are not set aside on appeal unless they are clearly erroneous. Rule 52.01; State, by Burnquist, v. Bollenbach, 241 Minn. 103, 63 N. W. (2d) 278.

plaintiff. Defendant, Landreth Harrison, a qualified pilot, was a member of the flying club operated by plaintiff and piloted the helicopter when the mishap occurred. At the time Harrison was also a volunteer member of the Hennepin County sheriff's Water Patrol. He received no pay for his services to the county but wore a uniform, which he purchased himself, and he was authorized to issue citations for violations of the law pertinent to Hennepin County lake areas.

On January 15, 1966, pursuant to some arrangement not disclosed by the evidence, Harrison obtained possession of plaintiff's single-engine, two-place helicopter. During that day, accompanied by a deputy sheriff, he used the aircraft in volunteer duty patrolling lakes in Hennepin County for the sheriff's Water Patrol. This was the first time Harrison had used the aircraft for this type of activity. From 9 a. m. until 2 p. m., Harrison and two deputy sheriffs used the helicopter to look for damaged or vandalized fish houses, littering, and other possible violations of the law in lake areas of Hennepin County. At around 12 o'clock noon, Harrison fueled the aircraft at his own expense, although he allegedly had an oral agreement with Water Patrol Captain Carl Williams, who was deceased at the time of trial, whereby he would be reimbursed for fuel expenses. At about 2 p. m., the helicopter struck a wire and went down on Big Island Channel of frozen Lake Minnetonka. The aircraft, valued at approximately $27,000, was destroyed.

Several actions were thereafter commenced as a result of the destruction of the aircraft including one brought by plaintiff directly against Hennepin County, which we are informed was dismissed for failure to state a claim upon which relief could be granted. Two other actions were also dismissed, the nature of which and the reason therefor being undisclosed by any record submitted by plaintiff on this review. In any event, no appeals were taken from the three dismissals. Plaintiff brought this action against Harrison, who named Hennepin County as a third-party defendant. American National Bank and Trust Company, which held a chattel mortgage on the aircraft in question, intervened. Prior to trial, defendant Harrison confessed judgment to plaintiff for $8,000, without admitting liability, and assigned any rights he might have against Hennepin County to plaintiff and intervenor.

Plaintiff's first contention is that, as assignee of Harrison's rights, it is entitled to recover damages for loss of the helicopter from Hennepin County on the ground that the county had entered into an implied contract of indemnity with Harrison. In order to prove such a contention, plaintiff was required to introduce evidence from which it could be found that all essential ingredients of a contract of indemnity existed. High v. Supreme Lodge, 210 Minn. 471, 298 N. W. 723. In this case,

plaintiff had the burden to prove not only that the county employed Harrison, but also that the loss of the helicopter was a consequence of a lawful act done pursuant to the authority conferred upon Harrison by the county and was not caused solely by Harrison's own misconduct. Hoch v. Duluth Brg. & Malting Co. 173 Minn. 374, 217 N. W. 503. Our careful consideration of the record persuades us that there is a deficiency of evidence to permit the trial court to find that the county was an employer of Harrison under any authorization of its governing body, the County Board. Furthermore, the evidence is more than sufficient to support the finding that "no contract existed, express or implied, wherein Third-Party Defendant County of Hennepin was committed under a theory of indemnification to Plaintiff, Defendant or Intervenor." Indeed, we know of no rule of law whereby, absent an express agreement to the contrary, a duty of indemnity is imposed upon a principal for losses incurred *due to the agent's fault*. Rather, the rule is that such a duty does not exist under those circumstances. Restatement, Agency (2d) § 440(a) and *comment;* Id. § 438 and *comment*. Since there is virtually no evidence suggesting that the county agreed to indemnify Harrison for losses resulting from his negligence or other fault, a duty to indemnify him cannot be imposed upon the county.

As a second basis for recovery, plaintiff asserts that a quasi contract may be imposed by law through principles in equity to create an obligation and prevent unjust enrichment for benefit conferred. Although this statement of a general principle of law may be accurate, it is of no help to plaintiff in this case. There is no evidence in the record which would support a finding that Harrison's use of the helicopter was of any particular benefit to the county or that what benefit the county received by virtue of Harrison's services was dependent upon use of the helicopter. In light of this lack of evidence, the lower court clearly could not impose indemnity on the quasi-contractual theory of unjust enrichment.

An agreement may have existed whereby the county would reimburse Harrison for expenses in purchasing fuel for the helicopter, but such agreement, if established, would not support an inference of an agreement to indemnify for loss of the aircraft. Plaintiff's complaint, therefore, that the court erred in ruling inadmissible Harrison's testimony concerning his conversation with Captain Williams, which pertained to reimbursement for gasoline expenses incurred on water patrol duties, is without significance. Moreover, it may be noted that such testimony was properly excluded under Minn. St. 595.04 as "conversation with * * * a deceased * * * person." Plaintiff asserts that this testimony should not have been excluded because Harrison was not

"interested in the event" of the action. We do not agree. Plaintiff here stands in the shoes of its assignor, Harrison, and does not have a greater right to have the evidence received than Harrison, who remains interested in the action as a judgment debtor to plaintiff, since that judgment would not be satisfied through this action unless the county is held liable to plaintiff.

Affirmed.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.